**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| LOEWEN GROUP INTERNATIONAL, | ) | Case No. 99-1244 (PJW) |
| INC., a Delaware corporation, | ) | |
| et al., | ) | Jointly Administered |
| | ) | |
| Debtors. | ) | |
| _____ | ) | |
| ALDERWOODS GROUP, INC., | ) | |
| ALDERWOODS (OKLAHOMA), INC., | ) | |
| ALDERWOODS (DELAWARE), INC., | ) | |
| DHFH HOLDINGS, INC., HFJC | ) | |
| HOLDINGS, INC., HFCC HOLDINGS, | ) | |
| INC., EDSB HOLDINGS, INC., | ) | |
| HFSC HOLDINGS, INC., and | ) | |
| CHMP HOLDINGS, INC., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Adv. Proc. No. 05-30024 (PJW) |
| | ) | |
| CHARTER FUNERALS, INC. and | ) | |
| CF ACQUISITIONS, INC., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION**

William H. Sudell, Jr.
Robert J. Dehney
Eric D. Schwartz
Michael G. Busenkell
Gregory T. Donilon
Morris, Nichols, Arsht &
Tunnell LLP
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899-1347

James P. Karen
Jones Day
2727 N. Harwood Street
Dallas, Texas 75201

Theodore J. Tacconelli
Ferry, Joseph & Pearce, P.A.
824 Market Street, Suite 904
Wilmington, DE 19801

Thomas M. Franklin
The Franklin Law Firm
300 UMB Bank Building
1310 Carondelet Drive
Kansas City, MO 64114

Attorneys for Defendants

Charles M. Oellermann
Jones Day
325 John H. McConnell Boulevard
Suite 600
Columbus, OH 43215-2673

Attorneys for Plaintiffs

Dated: July 11, 2006

**Walsh, J.**

This opinion is with respect to the plaintiffs' motion for abstention and referral to arbitration (Adv. Doc. 14).  For the reasons discussed below, the Court will grant the motion.

## BACKGROUND

On June 1, 1999, Loewen Group International, Inc. and its related entities (collectively, the "Debtors") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code") (Doc. #1).  During the pendency of the bankruptcy, on October 3, 2000, certain of the Debtors entered into an asset purchase agreement (the "APA") with Charter Funerals, Inc. ("Charter").  Pursuant to Bankruptcy Code § 363, this Court entered an order authorizing that sale on October 26, 2000 (Adv. Doc. # 1, ex. A) and, later, a supplemental sale order on June 15, 2001 (Adv. Doc. # 1, ex. D).

Under the APA, the Debtors agreed to transfer roughly forty-five funeral homes and cemeteries to Charter (Adv. Doc. # 1, ex. B, § 2.1).  At that time, however, the Debtors were involved in an ongoing boundary line dispute with respect to six of the properties.  The Hughes family had formerly owned the six properties (the "Hughes Properties") and continued to own adjacent land.  As such, Charter refused to close on the Hughes Properties until the boundary dispute was resolved.

Sections 2.8 and 2.9 of the APA reflected Charter's position.  Those sections provided for a "Call Option" and a "Put Option" that, in simple terms, allowed Charter or the Debtors to force consummation of the transaction once the boundary dispute was resolved (Adv. Doc. # 1, ex. B, §§ 2.8, 2.9).  The other forty or so properties proceeded to closing.

On December 5, 2001, this Court confirmed the Debtors' plan of reorganization (Doc. # 8671), and on January 2, 2002, the plan became effective.  Alderwoods Group, Inc. ("Alderwoods") emerged as the reorganized successor to the Loewen Group.

Thereafter, on July 12, 2002, Charter sent a letter to Alderwoods.  In that letter, Charter exercised the Call Option contained in the APA (Adv. Doc. 21, ex. A), and by letter dated August 22, 2002, Alderwoods exercised the Put Option. (Adv. Doc. 21, ex. B).  Then, on October 10, 2002, the law firm of Jones Day sent a letter to Charter expressing Alderwoods' desire to proceed to closing on the Hughes Properties per exercise of the Put Option (Adv. Doc. 21, ex. C).

In response, the Franklin Law Firm, on behalf of Charter, sent a letter dated October 23, 2002 to Jones Day, explaining that Alderwoods had failed to satisfy the conditions of the APA (Adv. Doc. 21, ex. D).  The letter specifically identified six conditions to closing that Alderwoods had allegedly failed to satisfy. Alderwoods and Charter never worked out their dispute, and the

Hughes Properties transaction was never consummated. Ultimately, Alderwoods reconveyed the Hughes Properties to the Hughes family.

On October 21, 2005, Alderwoods filed an adversary complaint in this Court (Adv. Doc. # 1). The complaint contains claims for breach of contract, indemnification, breach of the implied covenant of good faith and fair dealing, common law fraud, negligent misrepresentation, unjust enrichment, and promissory estoppel (Adv. Doc. # 1, ¶¶ 24-46). The claims are premised on Charter's alleged conduct surrounding the failed Hughes Properties transaction and on Charter's alleged failure to pay necessary transfer taxes.

On December 22, 2005, Charter filed its answer, denying liability and identifying two counterclaims. The first counterclaim alleges that Alderwoods—and not Charter—was the one who breached its obligations under the APA with respect to the Hughes Properties transaction. The second counterclaim is permissive; it alleges that Charter is entitled to a breakup fee for another transaction involving a different package of assets.

Alderwoods now moves for this Court to abstain and refer this matter to arbitration, as provided for in the APA. Section 12.11 of the APA contains the following provision:

> In the event the Bankruptcy Court declines
> jurisdiction over any dispute . . . concerning
> this Agreement, its effect, or the
> transactions contemplated by it, or the
> Bankruptcy Court is found not to have such
> jurisdiction, the same shall be settled before

> a panel of three arbitrators in accordance
> with the then applicable provisions of the
> American Arbitration Association.

(Adv. Doc. # 1, ex. B, § 12.11).  From this provision, arbitration

is clearly not required.  Nevertheless, the Court believes that it

would be in the interest of justice to abstain from this

proceeding.  I will, therefore, grant the motion to abstain and

refer this matter to arbitration.

## DISCUSSION

Section 1334(c)(1) provides for discretionary or

permissive abstention:

> [N]othing in this section prevents a district
> court in the interest of justice, or in the
> interest of comity with State courts or
> respect for State law, from abstaining from
> hearing a particular proceeding arising under
> title 11 or arising in or related to a case
> under title 11.

28 U.S.C. § 1334(c)(1).  To determine whether permissive abstention

is appropriate, courts consider twelve nonexclusive factors:

> (1) the effect or lack thereof on the
> efficient administration of the estate; (2)
> the extent to which state law issues
> predominate over bankruptcy issues; (3) the
> difficulty or unsettled nature of the
> applicable state law; (4) the presence of a
> related proceeding commenced in state court or
> other non-bankruptcy court; (5) the
> jurisdictional basis, if any, other than 28
> U.S.C. § 1334; (6) the degree of relatedness
> or remoteness of the proceeding to the main
> bankruptcy case; (7) the substance rather than
> the form of an asserted "core" proceeding; (8)
> the feasibility of severing state law claims
> from core bankruptcy matters to allow

judgments to be entered in state court with
the enforcement left to the bankruptcy court;
(9) the burden of the court's docket; (10) the
likelihood that the commencement of the
proceeding in bankruptcy court involves forum
shopping by one of the parties; (11) the
existence of a right to a jury trial; and (12)
the presence in the proceeding of nondebtor
parties.

Sun Healthcare Group, Inc. v. Levin (In re Sun Healthcare Group),
267 B.R. 673, 678-79 (Bankr. D. Del. 2000).  "Evaluating the twelve
factors is not a mathematical formula."  Id. at 679.  Each factor
is briefly addressed below.

(1) The effect on the efficient administration of the estate.

        This proceeding will not have an effect on the efficient
administration of the estate.  The Court confirmed the plan more
than four years ago (Adv. Doc. # 1, ¶ 6), and the instant matter
deals only with a peripheral contract dispute.  Resolution of that
dispute may indirectly impact creditor recovery by potentially
affecting the value of the securities issued under the plan.  This
does not, however, impact the efficient administration of the
estate.  This factor favors abstention. See LaRoche Indus. v. Orica
Nitrogen LLC (In re LaRoche Indus., Inc.), 312 B.R. 249, 254
(Bankr. D. Del. 2004).

(2) The predominance of state law issues.

        This is a conventional contract dispute involving claims
of breach of contract, indemnification, breach of the implied
covenant of good faith and fair dealing, common law fraud,

negligent misrepresentation, unjust enrichment, and promissory estoppel. No specific Bankruptcy Code provision is implicated. As such, state law contract issues predominate. See id. This factor favors abstention.

(3) The difficult or unsettled nature of applicable state law.

"[A]bstention is best when novel or unsettled issues of state law are involved." Official Comm. of Unsecured Creditors of Integrated Health Servs., Inc. v. Elkins (In re Integrated Health Servs., Inc.), 291 B.R. 615, 620 (Bankr. D. Del. 2003). In this case, the claims are "straightforward breach of contract issues." LaRoche, 312 B.R. 254. They are neither novel nor unsettled. This factor does not favor abstention.

(4) The presence of a related proceeding.

This dispute is also presently pending in an arbitration proceeding (Adv. Doc. # 1, ¶ 8). Though abstaining courts frequently cite to a proceeding commenced in a "state court or other non-bankruptcy court," a pending arbitration proceeding would similarly weigh in favor of abstention. See, e.g., Porter-Hayden Co. v. First State Mgmt. Group, Inc. (In re Porter-Hayden Co.), 304 B.R. 725, 735 (Bankr. D. Md. 2004)(describing "the presence of a related proceeding that has already been commenced, i.e., the pending arbitration proceeding" as among the "most relevant factors"). This factor favors abstention. See In re NorthWestern

9

*Corp.*, 03-12872, 2005 Bankr. LEXIS 795, at *9 (Bankr. D. Del. May 5, 2005)(abstaining in favor of a parallel arbitration proceeding).

(5) The jurisdictional basis, if any, other than § 1334.

Neither party addresses this issue. Diversity jurisdiction may be proper, but this is unclear. Thus, this factor is neutral.

(6) The degree of relatedness to the chapter case.

As shown in factor one, the relationship between this adversary proceeding and the bankruptcy case is extremely remote. Although this dispute involves an agreement executed as part of the bankruptcy case, the issue is not at all "inextricably intertwined with administration of the estate." *LaRoche*, 312 B.R. at 254. Indeed, this Court confirmed the plan more than four years ago (Adv. Doc. # 1, ¶ 6). Further, the only pending adversary proceeding related to the chapter case is the instant dispute, which will not significantly impact the chapter case. This factor favors abstention.

(7) The substance over form of an asserted "core" proceeding.

This is a core proceeding. *Shubert v. Wellspring Media, Inc. (In re Winstar Communs., Inc.)*, 335 B.R. 556, 565 (Bankr. D. Del. 2005)(holding that adversary proceedings arising from post-petition agreements to sell assets of the debtor-in-possession are core). This factor does not favor abstention.

<u>(8)  The feasibility of severing state law claims.</u>

          The  ability  to  sever  state  law  claims  from  core
bankruptcy matters is not at issue in this case.  The complaint
contains only core matters.  As such, this factor does not apply
and is neutral.

<u>(9)  The burden on the Court's docket.</u>

          This Court's docket has traditionally been "tremendously
overburdened."  <u>LaRoche</u>, 312 B.R. at 255.  However, the burden has
recently been ameliorated by the addition of four new judges.
<u>AstroPower  Liquidating  Trust  v.  Xantrex  Tech.,  Inc.  (In  re
AstroPower Liquidating Trust)</u>, 335 B.R. 309, 331 (Bankr. D. Del.
2005).  This factor is neutral.

<u>(10)  The likelihood of forum shopping.</u>

          No threat of forum shopping exists.  The bankruptcy case
was filed here (Doc. # 1), Alderwoods is a Delaware corporation
(Adv. Doc. # 1, ¶ 2), and the parties' agreement identifies this
Court as an appropriate forum (Adv. Doc. # 1, ¶ 8).  This factor is
neutral.

<u>(11)  The existence of a right to a jury trial.</u>

          Here, the right to a jury trial has not been exercised.
Nevertheless, the right existed.  "Where such right exists, whether
waived or not, it is indicative that, in the absence of federal
issues which give a right to a jury trial, a state law claim lies
at the heart of the action."  <u>In re Republic Reader's Serv., Inc.,</u>

81 B.R. 422, 428 (Bankr. S.D. Tex. 1986).  Therefore, this factor favors abstention.

     (12) The presence of nondebtor parties.

          The defendant purchasers are the only nondebtor parties in this case.  This factor is neutral.

          Thus, more factors favor abstention than not.  In addition, the factors that favor abstention are the more substantive ones: the actions involve only state law issues and their resolution will not have an effect on the efficient administration of the estate.  See LaRoche, 312 B.R. at 255. Further, there is a strong federal policy in favor of arbitration. See In re Mintze, 434 F.3d 222, 229 (3d Cir. 2006)(explaining that a bankruptcy court must give deference to mandatory arbitration clauses even if the matter is a core proceeding).

          Although, first and foremost, this policy is based on a desire to enforce freely entered into agreements, the policy is also based on recognizing the speed and efficiencies attendant to arbitration proceedings.  See Dean Witter Reynolds, Inc. v. Byrd, 470 U.S. 213, 220-21 (1985).  In this case, the Court is convinced that "arbitration will further the goals of the Bankruptcy Code by providing the parties with a quick and efficient resolution."  In re NorthWestern Corp., 2005 Bankr. LEXIS 795, at *8.  The Court is also convinced that state law issues predominate over this adversary proceeding, which is extremely attenuated from the

12

underlying chapter case.  Thus, this Court deems it in the interest of justice to abstain from resolution of the instant action in favor of the pending arbitration proceeding.

In its response, Charter argues that "[t]his matter . . . involves debtors' violation of this Court's § 363 sale orders - - a matter of bankruptcy law" (Adv. Doc. # 17, p. 19), so that, according to Charter, this Court should retain jurisdiction.  There is no merit to this argument.  The dispute here only encompasses common law causes of action.

**CONCLUSION**

For the foregoing reasons, the Court will grant the plaintiffs' motion for abstention and referral to arbitration.